Charles K. Kebodeaux, Michael J. Truncale, Beaumont, for petitioners.

Sid S. Stover, Jasper, for respondent.

**RAINBO BAKING COMPANY and Christopher Spahn, Petitioners,**

v.

**Robbie STAFFORD, Respondent.**

**No. C–8461.**

Supreme Court of Texas.

Jan. 31, 1990.

Rehearing Overruled March 21, 1990.

**PER CURIAM.**

We grant the respondent's motion for rehearing and withdraw the court's per curiam opinion and judgment of October 11, 1989. We also withdraw the order of this court of October 11, 1989, granting petitioner's application for writ of error, as improvidently granted. The application for writ of error is denied.

In denying writ, however, we note our disapproval of the court of appeals' holding that the trial court did not abuse its discretion in admitting the testimony of witness Linda Tunstill. 764 S.W.2d 379. The trial court allowed plaintiff Robbie Stafford to call Tunstill as a witness despite Stafford's failure to supplement an interrogatory answer concerning Tunstill. *See* Tex.R.Civ.P. 166b(6)(a)(1). Stafford's showing of good cause for failing to supplement was principally that she expected the case to settle and that she first contacted Tunstill on the day of trial. We do not agree that the trial court was within its discretion in admitting the testimony on such a showing. Tex.R.Civ.P. 215(5). The duty to supplement discovery responses imposed by Rule 166b(6)(a) exists independent of, and without modification by, the exclusionary sanction which Rule 215(5) imposes on the breach of that duty. The two rules cannot be read together to support the proposition that a party must supplement only when that party reasonably expects

the case to go to trial. Such a construction runs contrary to our long-standing policy of facilitating settlement by fostering full discovery. As the court recently stated:

> Our goal in promulgating Rules 166b and 215(5) and our prior opinions interpreting these rules was to encourage full discovery of the issues and facts prior to trial so that parties could make realistic assessments of their respective positions. *It was our hope that this would facilitate settlements* and prevent trials by ambush.

*Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989) (emphasis added).[1] After reviewing the record, however, we are of the opinion that Tunstill's testimony, to the extent it was probative, was cumulative of other evidence properly admitted at trial. Therefore, the trial court's error did not amount to such a denial of the rights of the petitioner as was calculated to cause and probably did cause the rendition of an improper judgment. *See Gee,* 765 S.W.2d at 396; Tex.R.App.P. 184(b). Accordingly, the application for writ of error is denied.

---

**1.** *See also Clark v. Trailways, Inc.,* 774 S.W.2d 644 (Tex.1989), *petition for cert. filed sub nom. Del Norte v. Clark,* 58 U.S.L.W. 3430 (U.S. Dec. 11, 1989) (No. 89–957); *Boothe v. Hausler,* 766 S.W.2d 788 (Tex.1989); *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297 (Tex.1986).