**Denise EMERY, Appellant,**

v.

**Mark ROLLINS, Individually, Passport Euro–Shopping, Inc., and Furniture Classics, Inc., Appellees.**

No. A14–93–00568–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 7, 1994.

Rehearing Denied July 28, 1994.

Reginald E. McKamie, Sr., Houston, for appellant.

Jeffrey R. Singer, Pamela E. George, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Denise Emery, appeals the judgment in favor of Mark Rollins, individually, Passport Euro–Shopping, Inc., and Furniture Classics, Inc., appellees. On April 26, 1991, appellant purchased a Louis XV armoire from Furniture Classics, owned by Mark Rollins. Furniture Classics agreed to add drawers to the armoire and to cutout a slot for a television set. The purchase price, including the modifications, was $1,752.56. Appellant paid a $500 deposit upfront and then paid the balance over the next several months.

The balance was paid in full on June 18, 1991 and the armoire was delivered by Furniture Classics to appellant on July 3, 1991. Upon delivery, the door to the armoire fell to the ground. Although the mirror on the door was not cracked from the fall, the wood framing the mirror was cracked. In addition, appellant was displeased with the workmanship on the drawers and the television cutout in the armoire. She returned the armoire, but did not receive a refund.

Appellant sued appellees under the Deceptive Trade Practices Act, and the doctrines of breach of warranty and conversion. Prior to trial, appellant requested in discovery "[a]ny and all documents, memoranda, letters, correspondence or exhibits of whatever kind that defendant will use in trial in this matter." Appellees did not object or respond to this discovery request. At trial, appellees introduced two documents, Defense Exhibits

3 and 4, that fall under appellant's discovery request. Defense Exhibit No. 3 is a sign that states, "EVERYTHING SOLD AS IS! WHERE IS! FOR WHAT YOU THINK IT IS! NO REFUNDS! EXCHANGES O.K. THANK YOU." Defense Exhibit No. 4 is a certificate of incorporation from the State of Texas on Passport Euro–Shopping, Inc. The jury found in favor of appellees and a take-nothing judgment was signed by the court on April 16, 1993.

Appellant asserts ten points of error: First, the trial court erred in admitting Defense Exhibit No. 3 as it should have been excluded under Rule 215(5). Second, the trial court erred in admitting Defense Exhibit No. 4 as it should have been excluded under Rule 215(5). Third, the trial court erred in admitting Defense Exhibits 3 and 4 by not making a finding that good cause existed to support the admission of Defense Exhibits 3 and 4 as required by Rule 215(5). Fourth through sixth, the trial court erred in denying appellant's requested jury instructions nos. 1, 3, and 4. Seventh, the trial court erred in denying appellant's motion for default judgment against appellee, Furniture Classics, Inc., which wholly failed to file an answer. Eighth, the jury verdict was against the great weight of evidence that appellees failed to provide a refund to appellant. Ninth, there was no evidence to support the jury verdict findings for questions 2 through 5. Tenth, there was insufficient evidence for the jury to reach the findings for questions 2 through 5.

▪ We first address points of error four through ten. These points are listed once in the table of contents and not mentioned again throughout appellant's entire brief. Attached to the brief are excerpts from the record pertaining to points of error four through ten, but there are no arguments or authorities to support them. Points of error must be supported by argument and authorities, and if not so supported, the points are waived. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex.1983); *Bayliss v. Cernock*, 773 S.W.2d 384, 387 (Tex.App.—Houston [14th Dist.] 1989, writ denied). We hold that appellant's fourth through tenth points of error are waived.

We note that the Texas Supreme Court's decision in *Inpetco, Inc. v. Texas American Bank/Houston N.A.*, 729 S.W.2d 300 (Tex. 1987) (per curiam), does not effect our holding of waiver in this case. Recently, the supreme court clarified *Inpetco* and explained that where a brief does not comply with TEX.R.CIV.P. 74, the appellate court has discretion on whether to order the party to rebrief. *Fredonia State Bank v. General American Life Ins. Co.*, 881 S.W.2d 279 (Tex. 1994). In this case, where appellant has properly briefed three points but does not even discuss the other seven, we do not think the policies behind *Inpetco* and the rules of appellate procedure require us to order rebriefing. *See Henry S. Miller Mgt. v. Houston State Assocs.*, 792 S.W.2d 128, 134 (Tex. App.—Houston [1st Dist.] 1990, writ denied). Appellant's fourth through tenth points of error are overruled.

In her first three points of error, appellant complains that the two defense exhibits should have been excluded because they were not listed in response to discovery requests pursuant to TEX.R.CIV.P. 215(5) and that there was no good cause for their admission. Appellees contend the exhibits were introduced solely as rebuttal evidence and therefore, were properly admitted. We agree.

■ Rule 215(5) gives the trial court discretion to admit testimony for good cause when a party has failed to respond to or supplement discovery. *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911, 914 (Tex. 1992). Good cause exists to allow rebuttal evidence where its use could not be anticipated prior to trial. *Quitta v. Fossati*, 808 S.W.2d 636, 640 (Tex.App.—Corpus Christi 1991, writ denied); *Gannett Outdoor Co. of Texas v. Kubeczka*, 710 S.W.2d 79, 84 (Tex. App.—Houston [14th Dist.] 1986, no writ). Even if it was an abuse of discretion, in order to reverse, the error must amount to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Gee v. Liberty Mutual Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989); *Gannett Out-*

*door Co. of Texas*, 710 S.W.2d at 85; TEX. R.APP.P. 81(b)(1).

### DEFENSE EXHIBIT NO. 3

■ The first time during trial that the issue of a sign arose was during the direct examination of appellant:

Q. Can you tell the Judge and jury when you entered the shop at 6303 Beverly Hills what you saw and what occurred?

A: On the day the I made the purchase?

Q: Yes.

A: When I entered the showroom of the shop, I was looking around and there were various types of furniture pieces and there was also advertisement or small brochures indicating or stating Passport Euro–Shopping.

Q: Okay. And then what happened?

A: Then, I also looked around and *there were no signs stating anything about "No refunds" or anything of that sort.* There was nothing in writing that was visible to my eye or anyone else's eye stating that "No refunds" were not possible.

(Emphasis added). The following subsequently occurred on cross-examination of appellant:

Q: Ms. Emery, I think you also said that you did not observe a sign that talks about the fact that there were no refunds at Furniture Classics; is that correct?

A: In the showroom that I entered into, there was no signage that I saw reflecting anything about refunds or anything of that sort that I saw.

Q: Okay. I'm going to hand you what has been marked as Defendants' 3 and this is a sign that says "Everything sold as is."

[Appellant's Counsel]: I'd like to object and approach the Bench, if I may?

THE COURT: Very well.

A discussion then occurred off the record. Cross-examination continued:

Q: Ms. Emery, drawing your attention to Defendants' Exhibit No. 3, this sign clearly says "Everything sold as is.

Where is." For what you think it is. [sic] "No refunds. Exchanges Ok," isn't that correct?

A: That's what it says there, yes.

Q: Isn't it true that this sign was hanging when you were walking in the showroom of Furniture Classics, Inc.?

A: I did not see that sign. I cannot say that it was there. I have no idea whether it was there.

I do not know.

\* \* \* \* \* \*

Q: But earlier in direct examination when [appellant's counsel] asked a question, you specifically said, "I didn't see any signs," and isn't it true that there are signs there right when you walk in?

A: I did not see any signs of that nature. The signs I spoke about earlier were those signs—

[Appellant's Counsel]: I would just like to object. The witness has stated she did not see the signs and it was not among the signs that she saw there.

THE COURT: Very well.

The next time that the issue of the sign arose was during direct examination of Mr. Rollins. He testified that the sign had been posted in the showroom since they started business. Upon introduction of the sign, appellant objected, arguing that the sign should have been designated in response to her discovery requests and since it was not, it should be excluded. Appellees asserted that the sign was being introduced solely to rebut appellant's testimony that there was no sign in the showroom indicating a refund policy. The trial court admitted the document.

We think it is clear that the sign was rebuttal evidence. The issue of a sign indicating the lack of a refund policy was never brought up prior to the voluntary statement made by appellant during direct examination. In order to refute her testimony, it was necessary for appellees to introduce the sign. Thus, there was good cause for the trial court to admit the sign and there was no abuse of discretion in doing so.

Even if there was error, it was not calculated to cause the rendition of an improper verdict because it was cumulative. Mr. Rollins had previously testified that they have always had a policy of no refunds and that exchanges were okay. The sign was merely cumulative of that testimony and therefore any error was harmless. *See Rainbo Baking Co. v. Stafford,* 787 S.W.2d 41, 42 (Tex.1990); *Gee,* 765 S.W.2d at 396. Thus, the trial court did not err in admitting Defense Exhibit No. 3.

## DEFENSE EXHIBIT NO. 4

Defense Exhibit No. 4 is the original certificate of incorporation from the State of Texas on Passport Euro–Shopping, Inc. which reflects that the date of incorporation was January 2, 1992. In her testimony, appellant had stated that on the day of purchase, there was literature in the showroom indicating that the business was Passport Euro–Shopping. She utilized, over appellees' objection, an undated advertisement showing that Passport Euro–Shopping is located at 6303 Beverly Hills, and a letter from Passport Euro–Shopping mistakenly dated February 10, 1991. The certificate of incorporation was later introduced to rebut appellant's insinuations about the date of formation of Passport Euro-shopping by showing when Passport Euro–Shopping was incorporated. The trial court did not err in admitting the certificate of incorporation.

Even if there was error, once again the evidence was cumulative of Mr. Rollins' testimony. Mr. Rollins testified as to the date of incorporation and the document was only further support of that. He also testified that the letter was sent on Passport Euro–Shopping letterhead that had been dated 1991 by mistake. Thus, any error in admitting the certificate of incorporation was harmless. *See Rainbo Baking Co.,* 787 S.W.2d at 42; *Gee,* 765 S.W.2d at 396. Appellant's first through third points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.