TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00267-CV






Heart of Texas Dodge, Inc., Appellant



v.



Leroy Prince, Appellee







FROM THE COUNTY COURT LAW NO. 2 OF TRAVIS COUNTY


NO. 233,465, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING 







 Leroy Prince purchased a used automobile from Heart of Texas Dodge, Inc. 
Disappointed in the performance of his vehicle, and distressed when he later discovered it had
been wrecked and salvaged, he sued the seller under the Texas Deceptive Trade Practices Act, 
Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 2000), for misrepresentation and
breach of express and implied warranties. A jury awarded Prince actual and exemplary damages
and attorneys' fees. On motion for judgment non obstante veredicto, the trial court revised the
measure of damages and then awarded judgment on the jury verdict. The motion for new trial
was overruled by operation of law. Heart of Texas Dodge brings six issues on appeal,
complaining of the legal and factual sufficiency of the evidence to support the damages. 
Specifically, the dealer complains that the trial court erred in allowing Prince to testify as to
damages without establishing good cause for his failure to identify himself as a lay opinion witness
in response to interrogatories. We will reverse the trial-court judgment and remand for a new
trial.


BACKGROUND


 In November 1994, Prince failed to qualify to purchase a pick-up truck he desired
at Heart of Texas Dodge. He did qualify to purchase a used 1992 Corsica for $9,975. After test
driving the vehicle, he identified several mechanical problems that the dealer agreed to repair. 
The list of repairs to be made included a front-end alignment, an overheating problem, and back
windows that were not on-track. There was also an oral agreement to fix the starter. Before
buying the Corsica, Prince inquired if it had ever been in a wreck; he was told it had not.

 When Prince took delivery of the car, he discovered that the promised repairs had
not been made. He returned the car to the dealer, who kept it for three weeks. Even after this
long delay the car was still not working properly. Prince decided to try to repair it himself. 
According to Prince, the car never performed satisfactorily and left him stranded several times.

 In 1996, when he attempted to renew his registration, Prince discovered that the
Corsica had previously been wrecked and salvaged. He then presented Heart of Texas Dodge
with a Salvage Certificate of Title. The dealer denied having had any knowledge of the salvage
title before the sale. Prince stated that he would never have purchased the vehicle if he had
known it had been wrecked. In November 1996, he brought this suit for misrepresentation and
breach of express and implied warranties.

 The jury awarded actual damages of $3,941 (which the trial court reduced by $491,
the cost of repairs), plus punitive damages of $10,000 and attorneys' fees of $7,622.72.

.

DISCUSSION


Mandatory Exclusion under Former Rule 215(5)

 In its first issue on appeal, the appellant complains that the trial court erred in
allowing Prince to give opinion testimony as to the diminished value of the vehicle he purchased. 
He testified that the Corsica, which was never properly repaired and had a title of salvage, was
worth $3,000 less than represented by Heart of Texas Dodge. Shortly after suit was filed, Heart
of Texas Dodge propounded the following interrogatory request to Prince:


 5. As to each person you expect to call as an expert or opinion witness,
including any lay opinion witness, state the following: (A) Identify each person.
(B) State the matter on which the person is expected to testify. (C) State the
substance of the facts, mental impressions, and opinions on which the person is
expected to testify. (D) If any person named in this interrogatory has not reduced
a report (regarding each and every opinion, conclusion or impression) to writing,
please state the substance of such opinions, conclusions or impressions.



(Emphasis added.) Prince responded with both an objection and an answer:



Plaintiff objects to this Interrogatory on the grounds that it is vague and overbroad
in that it seeks disclosure of statements which are or may be subject to
attorney-client privileged [sic] attorney work-product privilege, or other
privileges. Subject to and without waiving the foregoing specific objection,
Plaintiff answers as follows: ANSWER: Carla Gay Dickson, Reasonable
Attorney's fees. No other expert or opinion witness has been identified at this
time; however, Plaintiff will supplement this response.


(Emphasis added.) Prince's trial counsel was the third attorney who had represented him; he
supplemented this response by naming two additional attorneys who would testify as to attorneys'
fees. It is undisputed that no other opinion witnesses, lay or expert, were identified by appellee.

 Relying on this response to its interrogatory, Heart of Texas Dodge did not attempt
to settle the lawsuit and proceeded to trial. Prince was the only witness to testify. When he
attempted to give his opinion about the diminished value of his car, Heart of Texas Dodge
objected to his testimony because he had not been identified as a lay opinion witness. Prince
asserted at trial and asserts here that because he responded to Interrogatory No. 5 with an
objection, Heart of Texas Dodge was required to file a motion to compel and to have a hearing
before his failure to respond to the interrogatory could have any preclusive effect at trial. Both
parties agree that this dispute about a discovery response given prior to January 1, 1999 is
governed by the former discovery rules. See Tex. R. Civ. P. 215(5) (1984, amended 1998). (1)

 Under former Rule 215(5), a party who fails to respond to a discovery request to
identify expert or lay opinion witnesses shall not be entitled "to offer the testimony of an expert
witness or of any other person having knowledge of discoverable matter, unless the trial court
finds that good cause sufficient to require admission exists." See id. The supreme court has
repeatedly held that this rule is mandatory and that an undisclosed witness shall be automatically
excluded unless good cause is shown for the discovery violation. See Alvarado v. Farah Mfg.
Co., Inc., 830 S.W.2d 911, 914 (Tex. 1992); see also Sharp v. Broadway Nat'l Bank, 784
S.W.2d 669 (Tex. 1990) (per curiam); Rainbo Baking Co. v. Stafford, 787 S.W.2d 41 (Tex. 1990)
(per curiam); McKinney v. National Union Fire Ins. Co., 772 S.W.2d 72 (Tex. 1989); Clark v.
Trailways, Inc., 774 S.W.2d 644 (Tex. 1989); Boothe v. Hausler, 766 S.W.2d 788 (Tex. 1989)
(per curiam); Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394 (Tex. 1989); E.F. Hutton & Co.
v. Youngblood, 741 S.W.2d 363 (Tex. 1987) (per curiam); Gutierrez v. Dallas Indep. Sch. Dist.,
729 S.W.2d 691 (Tex. 1987); Morrow v. H.E.B., Inc., 714 S.W.2d 297 (Tex. 1986) (per
curiam); Yeldell v. Holiday Hills Retirement & Nursing Ctr., Inc., 701 S.W.2d 243 (Tex. 1985). 
Heart of Texas Dodge asserts that it should have been able to rely upon the plaintiff's failure to
list any opinion witnesses in preparing for trial. The supreme court has so held: "A party is
entitled to prepare for trial assured that a witness will not be called because opposing counsel has
not identified him or her in response to a proper interrogatory." See Broadway Nat'l Bank, 787
S.W.2d at 671. At trial, the defendant properly objected to the opinion testimony of Prince. The
trial court overruled the objection without finding that good cause existed for the failure to list
Prince as an opinion witness. The trial court has no discretion to admit testimony excluded by
Rule 215(5) without a showing of good cause. See Alvarado, 830 S.W.2d at 914.

 Having reviewed the transcript, we hold that Prince did not meet his burden of
establishing good cause. In hindsight, he argues that if good cause was required, it was
established because Heart of Texas knew about Prince and had deposed him. The supreme court
has rejected this argument and repeatedly insisted upon a strict showing of good cause. See id.
at 916. "The absence of surprise, unfairness, or ambush does not alone satisfy the good cause
exception to the sanction of automatic exclusions." Broadway Nat'l Bank, 784 S.W.2d at 671. 
The court has also held that inadvertence of counsel cannot satisfy good cause. See Alvarado, 830
S.W.2d at 915. Here we have the rare instance in which counsel admitted that he consciously
failed to supplement the request to name opinion witnesses.

 Counsel for Prince explains his conscious failure to respond by saying he relied on
the fact that an objection had been raised in response to Interrogatory No. 5. It was trial counsel's
opinion that this objection imposed a duty on Heart of Texas Dodge to file a motion to compel
before Prince could be excluded as a witness at trial. He cites former Rule 166b(4) for the
proposition that an objection to an interrogatory is preserved without further action by the
objecting party unless the requesting party files a motion to compel and sets a hearing to
determine the dispute. See McKinney, 772 S.W.2d at 74-75. Prince's reliance is misplaced in
view of the objection that was actually lodged in this case. 

 Interrogatory No. 5 asked Prince to identify lay opinion witnesses and to "[s]tate
the substance of the facts, mental impressions, and opinions" on which the person is expected to
testify. The only objection posed in response to this request concerned the statements, not the
identities, of any witnesses. Indeed Prince did identify three opinion witnesses in his
supplemented answers, all of whom were attorneys testifying as to reasonable attorneys' fees. 
Having determined that it did not wish to discover the "statements" of these listed witnesses,
which is all that was objected to, Heart of Texas Dodge was not required to file a motion to
compel or have a hearing. In partial response to the interrogatory, Prince identified some opinion
witnesses; his objection to providing the statements of these witnesses did not excuse him from
identifying all opinion witnesses. See Alvarado, 830 S.W.2d at 916 ("[H]aving undertaken to
answer [the interrogatory] they were required to do so fully, and to supplement their answers in
accordance with the rules.").

 Smith v. Southwest Feed Yards does not compel a different result in this case. See
835 S.W.2d 89 (Tex. 1992). In that case, the supreme court reversed the trial court's exclusion
of a defendant who had not been identified in response to an interrogatory seeking the names of
persons with knowledge of relevant facts. See id. at 91-92. We distinguish that case by noting
that the customer who was not listed in response to one interrogatory had otherwise been
identified as a person with knowledge of relevant facts in answer to a subsequent interrogatory
and in a pretrial order and was thus permitted to testify as a fact witness. See id. at 91. In that
case, the supreme court reversed the court of appeal's decision upholding exclusion of a defendant
who had not been identified in response to one interrogatory seeking the names of persons with
knowledge of relevant facts. In so doing the court did not exclude parties from the sanctions of
former Rule 215 for failure to respond to or supplement a discovery request: "A party cannot
disregard procedural rules and still insist upon an absolute right to testify in all circumstances." 
Id. at 90. Indeed, the court reiterated its prior holding that litigants should be able to prepare for
trial relying on who has been identified as a possible witness in a proper discovery request. See
id. at 91 (citing Broadway Nat'l Bank, 787 S.W.2d at 671). Rather, the court noted that Smith,
although not listed in response to one interrogatory, had otherwise been identified as a person with
knowledge of relevant facts in answer to a subsequent interrogatory and in a pretrial order. See
id. The supreme court admonished the trial court to consider the substance of the entire discovery
response where it was adequately revealed that the defendant was a person with knowledge of
relevant facts. Id.

 Significantly, the supreme court did not excuse a party from meeting the good cause
requirement of former Rule 215 before admitting testimony from an undisclosed witness: "The
importance attached to a party's ability to testify in his or her own behalf constitutes only an
additional factor that a trial court must consider in making its good cause determination." Id. at
90. And the fact that a party has been fully deposed will not suffice to establish good cause for
admitting such evidence. See id. at 91 (citing Broadway Nat'l Bank, 787 S.W.2d at 671).

 In this cause, Prince was allowed to testify at trial as a fact witness; the only
evidence objected to was his opinion testimony about value because he was not identified in
response to the specific request for "lay opinion witnesses." Absent a showing of good cause,
the trial court was required to exclude this evidence. We therefore hold that the trial court erred
in admitting Prince's opinion testimony as to the diminished value of his defective automobile.

 We further hold that the error was harmful to Heart of Texas Dodge. Because
there was no other testimony of the value of the defective car Prince actually received, we cannot
say that the erroneous admission of his testimony was merely cumulative. See Gee, 765 S.W.2d
at 396 (erroneous admission of testimony is not harmful if it is merely cumulative of properly
admitted testimony). The jury answered a global question on the damages necessary to
compensate Prince (considering the diminished value of the car), costs required to repair the car,
and the rental value of a replacement vehicle. Although there is some evidence of other damages
Prince suffered, we determine that the erroneously admitted evidence was reasonably calculated
to cause and probably did cause rendition of an improper judgment, affecting not only the actual
damages, but also the nature of any false, misleading or deceptive act by defendant, committed
knowingly or not. See Tex. R. App. P. 44.1(a) (1986, amended 1997). We sustain the first issue
on appeal and need not consider the remaining issues.


CONCLUSION


 The trial court committed reversible error by allowing Prince to give his opinion
about the diminished value of his car absent a finding of good cause for his failure to identify
himself as a lay opinion witness. We reverse the judgment and remand the cause to the trial court
for a new trial.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Reversed and Remanded

Filed: January 27, 2000

Do Not Publish

1. The exclusion and good cause language of former Rule 215 has been moved to new Rule
193; Rule 193 does not apply to discovery responses filed prior to January 1, 1999. See 61 Tex.
B. J. 1140, 1140 (1998).


y
and in a pretrial order and was thus permitted to testify as a fact witness. See id. at 91. In that
case, the supreme court reversed the court of appeal's decision upholding exclusion of a defendant
who had not been identified in response to one interrogatory seeking the names of persons with
knowledge of relevant facts. In so doing the court did not exclude parties from the sanctions of
former Rule 215 for failure to respond to or supplement a discovery request: "A party cannot
disregard procedural rules and still insist upon an absolute right to testify in all circumstances." 
Id. at 90. Indeed, the court reiterated its prior holding that litigants should be able to prepare for
trial relying on who has been identified as a possible witness in a proper discovery request. See
id. at 91 (citing Broadway Nat'l Bank, 787 S.W.2d at 671). Rather, the court noted that Smith,
although not listed in response to one interrogatory, had otherwise been identified as a person with
knowledge of relevant facts in answer to a subsequent interrogatory and in a pretrial order. See
id. The supreme court admonished the trial court to consider the substance of the entire discovery
response where it was adequately revealed that the defendant was a person with knowledge of
relevant facts. Id.

 Significantly, the supreme court did not excuse a party from meeting the good cause
requirement of former Rule 215 before admitting testimony from an undisclosed witness: "The
importance attached to a party's ability to testify in his or her own behalf constitutes only an
additional factor that a trial court must consider in making its good cause determination." Id. at
90. And the fact that a party has been fully deposed will not suffice to establish good cause for
admitting such evidence. See id. at 91 (citing Broadway Nat'l Bank, 787 S.W.2d at 671).

 In this c