Opinion issued June 1, 2006
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00368-CV




FRAZIER NEAL, Appellant

V.

RICHARD BEN KUNIANSKY, Appellee




On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 2002-10112




MEMORANDUM OPINION

            Frazier Neal, appellant, appeals from an order granting Richard Kuniansky,
appellee, injunctive relief and attorney’s fees. In three issues on appeal, Neal
contends that the trial court erred by: (1) issuing discovery sanctions that struck her
pleadings; (2) awarding Kuniansky injunctive relief and attorney’s fees; and (3)
failing to provide notice of trial. 
          We affirm. 
BACKGROUND
          Neal and Kuniansky were married in 1984. On August 11, 2003, they entered
an agreed order of divorce. The order appointed Neal and Kuniansky joint managing
conservators of their two children, Sarah and Hallie. Around the time of the divorce,
Neal and the children relocated to South Carolina. 
          On January 27, 2004, Kuniansky filed a petition to modify in suit affecting the
parent-child relationship (SAPCR), suit for declaratory judgment, and request for
permanent injunctions. Kuniansky’s petition sought: (1) modification of a provision
in the divorce decree stating that Sarah and Hallie could not travel on flights requiring
a change of planes when they flew from South Carolina to Houston to visit their
father;


 (2) injunctive relief to prevent Neal from making disparaging statements
about Kuniansky or from contacting him for any reason other than a medical
emergency in the case of Sarah or Hallie; (3) a declaratory judgment finding that,
contrary to statements allegedly made by Neal, Kuniansky had committed no criminal
offenses against Sarah; and (4) attorney’s fees. Neal filed an answer and a cross-petition on March 3, 2004, and the parties began discovery. Prior to trial, and
sometime during the summer of 2004, the trial court struck Neal’s pleadings as a
sanction for her failure to comply with the court’s discovery orders. Because of the
incomplete record before us, it is impossible to say what discovery orders Neal failed
to comply with; nor is it possible to know the extent of her non-compliance.
          On September 1, 2004, following an August 30 hearing, the trial court entered
a default judgment against Neal, granting Kuniansky’s requested injunctive and
declaratory relief and awarding him $8,983.26 in attorney fees. Although the record
is incomplete, and thus unclear, it appears that Neal filed a motion for new trial
sometime in October, 2004. Kuniansky appears not to have opposed this motion, and
the trial court set the matter for hearing on November 8, 2004. At the November 8
hearing, the trial court granted Neal’s motion for a new trial. A bench trial was held
that same day to consider the relief requested by Kuniansky in his SAPCR and suits
for injunctive and declaratory relief. As her pleadings had been struck, Neal was not
allowed to present any witnesses during the trial. At the conclusion of the trial, the
court permanently enjoined Neal from: (1) contacting Kuniansky by telephone or e-mail except in the case of a medical emergency pertaining to Sarah or Hallie; (2)
making disparaging remarks about Kuniansky; (3) contacting any of Kuniansky’s
friends, family members, or clients; and (4) making any statements suggesting that
Kuniansky had committed any criminal offenses involving his daughters. The court
also awarded Kuniansky $10,628 in attorney fees, $1,050 of which included
previously ordered and yet unpaid fees. Neal timely filed her notice of appeal. 
DISCUSSION
          Discovery Sanctions
          In her first issue on appeal, Neal contends that the trial court erred in striking
her pleadings as a sanction for her failure to comply with the court’s discovery orders. 
          We review a trial court’s ruling on a motion for sanctions under an abuse of
discretion standard. Cire v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004); Bodnow
Corp. v. City of Hondo, 721 S.W.2d 839, 840 (Tex. 1986). A trial court abuses its
discretion if it acts “without reference to any guiding rules and principles” by acting
arbitrarily or unreasonably in light of all the circumstances of the case. Downer v.
Aquamarine Operations, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985); Smithson v.
Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984). We cannot substitute our
judgment for that of the trial court’s. See Flores v. Fourth Court of Appeals, 777
S.W.2d 38, 41 (Tex. 1989). However, the sanctions imposed by the trial court must
be just. TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex.
1991)
          TransAmerican established a two-part test to determine whether a particular
sanction was just. Id. at 917. First, there must be a direct relationship between the
imposed sanction and the offensive conduct. Id. “This means that a just sanction
must be directed against the abuse and toward remedying the prejudice caused the
innocent party.” Id. Second, a just sanction is not excessive; it is only as severe as
is necessary to satisfy legitimate purposes. Id. There are three legitimate purposes
for discovery sanctions: (1) to secure compliance with the rules of discovery; (2) to
deter other litigants from similar abuse; and (3) to punish abusers. Chrysler Corp. v.
Blackmon, 841 S.W.2d 844, 849 (Tex. 1992). Because a sanction should not be more
severe than necessary, the court must consider less severe sanctions first. 
TransAmerican, 811 S.W.2d at 917. When a trial court “precludes presentation on
the merits of the case,” the offending party must have acted in “flagrant bad faith.”
Id. at 918.
          Here, Neal contends that her only discovery transgression was a failure to
verify her responses to Kuniansky’s interrogatories. Hence, Neal argues that the trial
court’s decision to strike her pleadings was excessive and not related to her offensive
conduct. Id. at 917. We are unable to evaluate Neal’s claim, however, because she
has failed to bring a sufficient record before this court for the purposes of review. In
fact, the record Neal submitted for review contains virtually no information relating
to the discovery sanctions. We note, in particular, that the record does allude to an
August 2, 2004 hearing held to discuss possible discovery sanctions. No record of
this hearing, nor any official order that it may have produced, has been submitted for
review. Neal had the burden of furnishing this court with a record that supports her
issues on appeal. See Appelton v. Appleton, 76 S.W.3d 78, 87 (Tex. App.—Houston
[14th Dist.] 2002, no pet.); see also Christiansen v. Prezelski, 782 S.W.2d 842, 843
(Tex. 1990); Budd v. Gay, 846 S.W.2d 521, 523 (Tex. App.—Houston [14th Dist.]
1993, no writ) (holding that, without a sufficient record, the reviewing court cannot
determine whether the trial court committed error or whether error was properly
preserved). Because of her failure to do so, we conclude that Neal has waived any
error regarding discovery sanctions. See Tex. R. App. P. 33.1; Cruikshank v.
Consumer Direct Mortgage Inc., 138 S.W.3d 497, 499 (Tex. App.—Houston [14th
Dist.] 2004, pet. denied). 
          We overrule Neal’s first issue on appeal. 
          Award of Injunctive Relief and Attorney’s Fees 
          In her second issue on appeal, Neal contends that the trial court erred in
awarding Kuniansky injunctive relief and attorney’s fees.


 Upon careful review of
her brief, however, we are unable to find any argument or authorities in support of her
contentions. Because Neal presents no authority and develops no argument in
support of her second issue on appeal, we decline to consider it. See Tex.R.App. P.
38.1(h) (stating appellant’s brief is to contain clear and concise argument with
appropriate citations to authorities); Emery v. Rollins, 880 S.W.2d 237, 238 (Tex.
App.—Houston [14th Dist.] 1994, writ denied) (stating points of error must be
supported by argument and authorities, and if not so supported, are waived); J.B.
Custom Design and Bldg. v. Clawson, 794 S.W.2d 38, 41 (Tex. App.—Houston [1st
Dist.] 1990, no writ).
          We overrule Neal’s second issue on appeal. 
          Notice
          In her third issue on appeal, Neal contends that the trial court erred by failing
to provide her with notice of trial after granting her motion for new trial. Although
Neal presents some argument in support of her third issue, she cites no authority. A
point of error is waived if it contains argument without citation to authority. TXO
Prod. Co. v. M.D. Mark, Inc., 999 S.W.2d 137, 143 (Tex. App.—Houston [14th Dist.]
1999, pet. denied). We nevertheless note that Neal fails to explain how she was
harmed by any lack of notice. The default judgment entered on September 1, 2004
was replaced by a judgment entered following the November 8 bench trial, a trial that
resulted from the granting of Neal’s motion for new trial. On November 8, when the
trial court granted her motion for new trial, Neal’s counsel indicated that his client
was ready to precede to trial that very day. In view of this, it is impossible to say that
Neal (1) did not receive notice or (2) was in any way harmed by a lack of notice. 
Such a conclusion is reinforced by the fact that Neal presents no argument on appeal
regarding how she was harmed by any real or perceived lack of notice. 
          We overrule Neal’s third issue on appeal.
CONCLUSION
          We affirm the judgment of the trial court. 
 
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.