NUMBER
13-01-267-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG

 

 

TEXAS WORKERS COMPENSATION

INSURANCE FACILITY,                                                        Appellant,

 

                                                   v.

 

SERAFIN DE LEON,                                                             Appellee.

 

 

     On appeal from the 332nd District Court of Hidalgo County,
Texas.

 

 

                                   O P I N I O N

 

                     Before Justices Dorsey, Yañez, and Chavez[1]

                                  Opinion by Justice Chavez

 








Texas Workers Compensation
Insurance Facility appeals from a jury verdict that found Serafin de Leon=s 1993 compensable injury resulted
in total and permanent loss of both of his feet.  Based upon the jury=s verdict, the trial court entered
judgment that de Leon was entitled to lifetime income benefits (LIBS).  In seven issues, appellant contends the trial
court erred in rendering judgment based on a finding of total and permanent Aloss of both feet@; that the pleadings do not support
the judgment; that the court erred in not tracking the statutory language when
submitting the jury question; that the evidence was factually and legally
insufficient to prove that de Leon sustained a total and permanent loss of use
of both feet; that the court abused its discretion in not allowing appellant=s evidence of Aloss of both feet at or above the
ankle@; and that the judgment does not
specify the amount, timing and frequency of the payments to be made to de Leon.








In 1993, Serafin de Leon suffered a
compensable injury to his feet when he fell off a roof while employed as a
roofer.  At the hearing before the Texas
Worker=s Compensation Hearings Division,
the hearing officer was asked to decide if appellee was entitled to receive
lifetime income benefits based on the total and permanent loss of use of both
feet.  After reviewing the evidence, the
hearing officer concluded that the claimant was not entitled to lifetime
benefits based on the total and permanent loss of both feet.  De Leon appealed to the Texas Worker=s Compensation Commission Appeals
Panel.  After summarizing the medical
evidence, the appeals panel stated that the A[i]ssue
in this case is the claimant=s entitlement to LIBS [Lifetime
Income Benefits].  Section 408.161(a)(2)[2]
provides that LIBS are paid until the death of the employee for the loss of
both feet at or above the ankle.  Section
408.161(b) provides that the loss of use of a body part is the loss of that
body part for purposes of Subsection (a).@ 
Conceding that the evidence was conflicting and could support inferences
different from those found most reasonable by the hearing officer, the appeals
panel found no basis for disturbing the hearing officer=s decision and affirmed his
order.  De Leon then sought judicial
review of his claim.   

In its sixth issue, appellant
complains that the trial court abused its discretion by not allowing it to
present evidence that de Leon did not suffer a loss of both feet at or above
the ankle.  We review decisions on the
admissibility of evidence by the abuse of discretion standard.  Tex. Dep=t of Transp. v. Able, 35 S.W.3d 608, 617 (Tex.
2000).  A trial court abuses its
discretion only if it acts unreasonably or without reference to any guiding
rules or principles.  See Downer v.
Aquamarine Operations, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  We may reverse a trial court=s judgment based on an error in the
exclusion of evidence only if we conclude that (1) the trial court did in fact
commit error and (2) the error was reasonably calculated to cause and probably
did cause rendition of an improper judgment. 
Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex.
1989).  








Immediately before jury selection,
the court sustained de Leon=s limine motion, in which de
Leon sought to preclude appellant from presenting any evidence on claims or
defenses that were not raised during the contested case hearing before the
Texas Worker=s Compensation Commission.  De Leon argued, as he does here, that
appellant did not raise at the administrative hearing the defense that de Leon
could not recover because the loss to his feet was not at or above the
ankle.    Appellant did not dispute that
it had not raised that defense, but argued that the hearing officer and appeals
panel found that the claimant had not suffered a total loss of use of the feet
and it was therefore unnecessary to reach the question of whether the loss was
at or above the ankle. 








Decisions of the appeals panel may
be appealed to the trial courts under what the supreme court has described as a
modified trial de novo review.  Tex.
Workers= Compensation Comm=n v. Garcia, 893 S.W.2d 504, 515 (Tex.
1995).  This description is due to the
various limiting provisions set out in the Act. 
One of those limiting procedures limits the trial to issues decided by
the commission appeals panel.  Tex. Lab. Code Ann. 410.302 (Vernon
1996).[3]  The appeals panel=s record before us clearly shows
that the panel was concerned with the doctors=
opinions regarding de Leon=s Atotal
loss of use of both feet.@ 
The report of his treating physician stated that the condition of this
injured member (de Leon=s feet) A[i]s such that he can not get and
keep employment requiring the use of such extremity.@ 
Dr. Adobbati, who performed a required medical examination, recommended
that de Leon be trained for sedentary type work.  Another doctor opined that A[t]he patient=s combined condition of each
foot/ankle area is such that the worker cannot get and keep employment
requiring the use of such members.@ 
A doctor who conducted a medical records review for the carrier
concluded that de Leon=s injuries caused him to suffer in
the neighborhood of 70% loss of functional ability to both lower
extremities.  No mention was made that
the injury was at or above the ankle.  The
issue to be decided by the appeals panel was de Leon=s entitlement to LIBS.  Entitlement to these benefits could be
satisfied by proof of loss of both feet at or above the ankle as provided by
section 408.161(a)(2), or  the loss of
use of the body part (both feet) as allowed by section 408.161(b).   In his pleadings, de Leon contended that he
was entitled to LIBS based upon the total and permanent loss of use of both
feet.   In its ruling, the appeals panel
made it clear that it was making its decision on the loss of use standard.  We hold that de Leon=s claim was based on the loss of
use of a body part (both feet) under section 408.161(b) and not a loss of both
feet at or above the ankle.  Even if the
trial court wrongly precluded appellant from offering proof that de Leon=s injury did extend to or above the
ankle, we fail to see how appellant was harmed since that was never de Leon=s contention.  We overrule appellant=s issue number six.

In its fourth issue, appellant
complains that there was legally and factually insufficient evidence to prove
that de Leon sustained a total and permanent loss of use of both feet, and in
issue five, that the evidence was legally and factually insufficient to sustain
a judgment for loss of both feet at or above the ankle.  In conducting a legal-sufficiency review, we
review the evidence in a light that tends to support the finding of the
disputed facts and disregard all evidence and inferences to the contrary.  Bradford v. Vento, 48 S.W.3d 749, 754
(Tex. 2001).  If more than a scintilla of
evidence exists, it is legally sufficient. 
Lozano v. Lozano, 52 S.W.3d 141, 166 (Tex. 2001). More than a
scintilla of evidence exists if the evidence furnishes some reasonable basis
for differing conclusions by reasonable minds about a vital fact=s existence. Id.








In reviewing a factual
insufficiency point of error, we consider, weigh, and examine all of the
evidence which supports or undermines the jury=s
finding.  Plas-Tex, Inc. v. United
States Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).  We review 
the evidence, keeping in mind that it is the jury=s role, not ours, to judge the
credibility of the evidence, to assign the weight to be given to testimony, and
to resolve inconsistencies within or conflicts among the witnesses= testimony.  Corpus Christi Teachers= Credit Union v. Hernandez, 814 S.W. 2d 195, 197 (Tex. App.BSan Antonio 1991, no writ).  We then set aside  the jury=s finding only when we find that
the evidence standing alone is too weak to support the finding or that the
finding is so against the overwhelming weight of the evidence that it is
manifestly unjust and clearly wrong.  Ortiz
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). 
In so doing, the court of appeals must Adetail
the evidence relevant to the issue@ and Astate
in what regard the contrary evidence greatly outweighs the evidence in support
of the verdict.@ 
Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

Serafin de Leon lost his balance
while cutting some insulation material near the edge of a two-story
building.  De Leon fell off the building
and struck a canopy covering a window. 
The contact with the canopy caused de Leon to flip over and land on his
feet on a concrete surface.  He was taken
to a local hospital where he underwent surgery, had both feet casted, and was
hospitalized for several days. De Leon testified that he has had great
difficulty walking ever since.  He uses a
cane for support and is unable to walk on uneven surfaces or for any prolonged
period of time.  When he walks for more
than fifteen minutes, his feet swell up and he is constantly in pain.  He is unable to stand for more than five
minutes.  De Leon also testified that he
is unable to climb stairs or a ladder and has to use tennis shoes all the
time.  He testified that he has no
feeling in his right foot and that his toes are misshaped.  








Dr. Miguel Hernandez began treating
de Leon when he returned to the Valley. 
Dr. Hernandez described de Leon=s injury to the left foot as a
fracture, dislocation of the talus (ankle bone) and navicular bone. The
fracture changed some of the anatomy between the navicular and the talus.  After removing the splints, Dr. Hernandez
discovered that the os calcis in the right foot had been so severely comminuted
that it had changed the anatomy between the navicular and the talus.  The joint between the talus and the os calcis
had been changed tremendously by arthritis such that it caused de Leon great
pain to ambulate.  In order to reduce the
pain, Dr. Hernandez performed a subtalar arthrodesis to fuse the two
bones.  Dr. Hernandez testified that
because of the change in the anatomies of the feet, both now were flatter and
wider and de Leon would have chronic swelling. 
On the right foot, the os calcis had changed so much that a bone had
formed in the bottom and caused a huge callus. 
The bone was surgically removed by Dr. Hernandez during the
surgery.  Dr. Hernandez testified that
the injury to the right foot had been so severe that it had created a
rockerbottom deformity, a total reversal of the normal anatomy.  Finally, Dr. Hernandez testified that he did
not think de Leon would be able to resume gainful employment that would require
him to walk or stand.   Dr. Ricardo
Adobatti, another orthopaedic surgeon saw de Leon and performed a medical
evaluation.  Although Dr. Adobatti testified
that de Leon had not suffered a total loss, he nonetheless described the
fractures as deceiving fractures because no matter how good they are fixed, the
patient will  continue with pain.  Dr. Adobatti testified that the surgery had
improved de Leon=s condition, but he was still
disabled.  While he had functional use of
his feet, the pain would always be there. 
We hold, based on the evidence submitted, there was legally and
factually sufficient evidence to support the verdict.

We overrule appellant=s fourth and fifth issues.








In
its first and second issues, appellant complains that the court erred in
entering judgment (1) based on a finding of total and permanent loss of  both feet, and (2) in view of  the fact that de  Leon=s pleading requested LIBS based on
the loss of use of both feet.  Appellant
argues that the question should have asked the jury if it found de Leon had
suffered a loss of both feet at or above the ankle.  We overrule appellant=s issues one and two because we
have already held that this was a Aloss of use of both feet@ claim as allowed under section
408.161(b).  While de Leon=s pleadings do not specifically
allege that the loss of use of his feet was loss of a body part for purposes of
subsection (a), appellant does not complain about this possible defect.  For the same reason, we overrule issue three
where appellant complains that the trial court abused its discretion by not
tracking the statutory language in formulating the question submitted to the
jury.  The issue submitted by the trial
court was supported by the pleadings and the evidence.  Triplex Comm., Inc. v. Riley, 900
S.W.2d 716, 718 (Tex. 1995).








Finally,
appellant in issue seven contends that the trial court erred in not specifiying
the amount, timing and frequency of the benefits to be paid to de Leon.  This is a worker=s compensation case.  Appellant is a worker=s compensation insurance carrier
and is knowledgeable in computing the rate and frequency of compensation due
any claimant for any specific or general injury.  There is some evidence that de Leon had
received $280.00 per week in compensation benefits.  If this is the correct rate, then we are
confident that appellant and appellee can determine the amount and frequency of
the benefits due de Leon under the judgment rendered by the trial court.  Should the parties be unable to agree on such
amounts, on motion for rehearing we will reverse on this portion of the
judgment and remand it to the trial court for determination of the amount and
frequency of the benefits due de Leon.

The
judgment of the trial court is affirmed.

 

                                                               
   

MELCHOR CHAVEZ

Justice

 

Do not publish.  

Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

27th day of June, 2002.











[1]
Retired Justice Melchor Chavez, assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
75.002 (Vernon 1998).





[2] Tex. Lab. Code Ann. ' 408.161 (Vernon Supp. 2002).





[3] Labor Code, section
410.302 reads as follows: ALimitation of Issues.  Trial under this subchapter is limited to the
issues decided by the commission appeals panel and on which judicial review is
sought.  Pleadings must specifically set
forth the determinations of the appeals panel by which the party is aggrieved.@  Tex.
Lab. Code Ann. ' 410.302 (Vernon 1996).