**James Marcus GEE, Petitioner,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Respondent.**

No. C–7532.

Supreme Court of Texas.

Feb. 15, 1989.

Leighton Cornett, Cornett & Echols, Paris, for petitioner.

John R. Mercy and Louise Tausch, Atchley Russell, Waldrop & Hlavinka, Texarkana, for respondent.

GONZALEZ, Justice.

This workers' compensation case presents us with an opportunity to revisit a recurring trial problem of introducing testimony of witnesses who were not previously identified in response to interrogatories. James Marcus Gee was injured by a metal pallet which crushed his leg while he was in the course of employment with Campbell Soup Company. Unsatisfied with the decision of the Industrial Accident Board, Gee brought a workers' compensation action

against Liberty Mutual Fire Insurance Company, Campbell Soup's workers' compensation carrier, alleging that he suffered from a general injury and in the alternative that the injury extended to and affected his body generally. Liberty Mutual claimed that the injury was a specific injury to Gee's leg. The trial court rendered judgment for Gee consistent with the jury's finding that Gee was totally and permanently disabled from an injury which extended to and affected his body generally. The court of appeals, with one justice dissenting, reversed and remanded the cause to the trial court because testimony of previously undisclosed witnesses was admitted at trial. 749 S.W.2d 883 (Tex.App.1988). We reverse the judgment of the court of appeals and remand the cause to that court for consideration of factual insufficiency points.

Prior to trial, Liberty Mutual submitted interrogatories to Gee which asked him to list all persons known to him to have any personal knowledge of the injury or the events immediately following it and to name the expert witnesses that he planned to call at trial. Gee identified two co-workers and his mother as persons with knowledge of the injury and Dr. Ruth Jackson as the only expert witness.

Liberty Mutual filed a motion in limine prior to trial to exclude any witnesses not indicated in Gee's response. In addition, Liberty Mutual filed a written motion to exclude testimony of unnamed witnesses pursuant to Texas Rules of Civil Procedure 215(5).[1] The trial court overruled these motions and allowed Gee to present two undisclosed fact witnesses, his uncle, Robert Millford, and his aunt, Elizabeth Cun-

ningham. Gee was further allowed to introduce deposition testimony of two undisclosed expert witnesses, Dr. Frank Wood, and his family physician, Dr. Joseph Emmite.[2]

Texas Rules of Civil Procedure 166b(6) provides, in part, that a party who has responded to a request for discovery

> . . . is under a duty seasonably to supplement his response if he obtains information upon the basis of which:
>
> (1) he knows that the response was incorrect or incomplete when made;
>
> (2) he knows that the response though correct and complete when made is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading . . . .

The time frame in which to supplement a response is not less than thirty days prior to trial, unless the trial court finds that good cause exists for permitting or requiring later supplementation. Tex.R.Civ.P. 166b(6). Knowledge of fact and expert witnesses which were previously unnamed fall squarely within this rule.

■ Heretofore, we have held that the failure of a party to supplement answers to interrogatories results in the automatic exclusion of testimony of an unidentified witness. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 297–98 (Tex.1986). However, the testimony of the unidentified witness is admissible if the trial court finds that good cause exists for allowing the witness to testify. *Yeldell v. Holiday Hills Retirement & Nursing Ctr., Inc.,* 701 S.W.2d 243, 246 (Tex.1985). The burden of establishing good cause was and is on the party offering the evidence. *E.F. Hutton & Co. v.*

1. Rule 215(5) provides:

   A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

Tex.R.Civ.P. 215(5). *Note:* The rule in effect at the time of trial did not require good cause to be shown in the record, but this does not affect the disposition of this case.

2. It was Liberty Mutual's attorney who took Dr. Emmite's deposition, but who later objected when Gee attempted to introduce portions of this deposition. Although lack of surprise is not the standard, it may be a factor for the trial court to consider when weighing whether good cause exists for allowing the testimony of an undisclosed witness.

*Youngblood,* 741 S.W.2d 363, 364 (Tex. 1987); *Gutierrez v. Dallas Indep. School Dist.,* 729 S.W.2d 691, 694 (Tex.1987).

Our goal in promulgating Rules 166b and 215(5) and our prior opinions interpreting these rules was to encourage full discovery of the issues and facts prior to trial so that parties could make realistic assessments of their respective positions. It was our hope that this would facilitate settlements and prevent trials by ambush. Both of our opinions in *Gutierrez* and *Youngblood* state the sanction announced in *Morrow.* However, neither of these cases mention the trial court's discretion in considering the good cause exception. Strict interpretation of the language in *Gutierrez* and *Youngblood* has caused application of the sanction to be mechanical, leaving no room for discretion. We therefore reaffirm our holding in *Morrow* and once again point out that the sanction of automatic exclusion of testimony of an undisclosed witness is subject to a good cause exception. If the trial court, in its discretion, finds that good cause exists to allow the evidence, such should be admitted.

In the instant case, there is nothing in the record which indicates Gee satisfied his burden to show good cause. Therefore, this case is not one in which we must determine whether there was an abuse of discretion. It is apparent the trial court erred because the testimony of the unidentified witnesses should not have been admitted in this case. However, when a trial court errs by allowing the testimony of an undisclosed witness into evidence without a showing of good cause, we must determine whether the trial court's action constituted reversible error as expressed in Tex.R.App. P. 81(b).

█ To obtain reversal of a judgment based upon error of the trial court in admission or exclusion of evidence, the following must be shown: (1) that the trial court did in fact commit error; and (2) that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Bridges v. City of Richardson,* 354 S.W.2d 366, 368 (Tex. 1962); Tex.R.App.P. 81(b). This court will

ordinarily not find reversible error for erroneous rulings on admissibility of evidence where the evidence in question is cumulative and not controlling on a material issue dispositive of the case. *Whitener v. Traders and General Ins. Co.,* 289 S.W.2d 233, 236 (Tex.1956); *see also Turner v. Monsanto Co.,* 717 S.W.2d 378, 381 (Tex.App.— Houston [14th Dist.] 1986, writ ref'd n.r.e.). Thus, we must review the entire record to determine whether the judgment was controlled by the testimony that should have been excluded.

The court of appeals erroneously stated that Liberty Mutual waived any complaint as to Cunningham and Dr. Wood. The trial court expressly overruled Liberty Mutual's motion to exclude all previously unidentified witnesses under Rule 215(5); therefore, error was preserved before the court of appeals as to all four witnesses. Although Liberty Mutual argued that the testimony of Cunningham and Dr. Wood was harmful, such was not raised by cross-point in this court. Had this point been properly raised, the admission of the testimony of Dr. Wood and Cunningham would be considered harmless. Dr. Wood's testimony can hardly be said to have aided Gee in the presentation of his case because Dr. Wood stated he did not agree that Gee was totally and permanently disabled. Further, Dr. Wood testified he had no knowledge of Gee's back pain. The testimony of Mrs. Cunningham was cumulative of Gee's mother's testimony. The erroneous admission of testimony that is merely cumulative of properly admitted testimony is harmless error. *McInnes v. Yamaha Motor Corp.,* 673 S.W.2d 185, 188 (Tex.1984), *cert. denied,* 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed. 2d 777 (1985). Therefore, our determination of the case turns exclusively on the effect of the testimony of Dr. Emmite and Mr. Millford.

█ Liberty Mutual claims, and the court of appeals held, that because of Dr. Emmite's long time relationship with Gee and his testimony's probable enhancement of other medical testimony, admission of his deposition testimony constituted harmful error. However, Dr. Emmite testified

several times that he was not qualified to comment on whether the back injury was connected to the leg injury, which was the crux of Gee's case. Furthermore, although Dr. Emmite stated Gee complained to him about back pain, he did not treat Gee for back pain. It was Dr. Jackson who testified in response to a hypothetical question regarding the exact leg injury which Gee sustained and stated that the injury extended into and affected the body generally. Therefore, the improper admission of Dr. Emmite's testimony was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment.

With respect to Millford's testimony, the court of appeals stated his was the only testimony that specifically detailed Gee's complaints about back pain while in the hospital and thereafter. While it is true Millford was the only witness who testified that Gee complained to him about his back while actually in the hospital, Gee's mother testified that he complained of back pain periodically since the time of the injury. Also, Dr. Jackson stated that, as she was reporting Gee's history, he told her he had experienced pain in his lower back while hospitalized. Furthermore, Gee himself testified that he experienced discomfort in his back several months after the accident.

[redacted] In a workers' compensation case the issue of disability may be based on the sole testimony of the injured employee. *Reina v. General Accident Fire and Life Assurance Corp.*, 611 S.W.2d 415, 416 (Tex.1981). Thus, the improper admission of Millford's testimony was not harmful because Gee's own testimony would have been sufficient to establish disability. Furthermore, improper admission of evidence does not as a rule constitute reversible error when there is other competent evidence of the fact in question in the record. *McInnes*, 673 S.W. 2d at 188; *Mandril v. Kasishke*, 620 S.W. 2d 238, 249 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.).

A thorough review of the record leads us to conclude that although the trial court erred by admitting the testimony of Millford and Dr. Emmite without a showing of good cause pursuant to Rule 215(5), such did not constitute reversible error.

[redacted] Liberty Mutual raises five cross-points challenging the legal and factual sufficiency of the evidence to support the jury verdict. Liberty Mutual's no evidence points were overruled by the court of appeals and it again attempts to raise these points before this court. Thus, Liberty Mutual is seeking a judgment that is more favorable than it obtained in the court of appeals because if we sustain the no evidence points, it would be necessary for us to reverse and render, as opposed to reverse and remand. Liberty Mutual has improperly raised the no evidence points as cross-points without bringing forth a separate application for writ of error. Therefore, these points are not properly before this court. *Archuleta v. International Ins. Co.*, 667 S.W.2d 120, 123 (Tex.1984).

We have no jurisdiction over the remainder of Liberty Mutual's cross-points because they challenge the factual sufficiency of the evidence. *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985). The factual insufficiency points were presented to the court of appeals and if sustained would have resulted in the same judgment of reversal and remand. Liberty Mutual has raised in this court these factual insufficiency points which were not originally decided by the court of appeals. Therefore, we must remand the cause to that court for consideration of these points. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex.1984).

The judgment of the court of appeals is reversed and the cause is remanded to that court.