Donald Shellenbarger v. Rachel Cortinez



NUMBER 13-99-524-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________

DONALD SHELLENBARGER, Appellant,


v.


RACHEL CORTINEZ, Appellee.

____________________________________________________________________
On appeal from the County Court at Law No. 2

of Victoria County, Texas.

____________________________________________________________________
MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Chavez (1)

Opinion by Justice Hinojosa


Appellee, Rachel Cortinez, sued appellant, Donald Shellenbarger, for negligently causing an automobile accident and her
personal injuries. After a jury trial, the trial court signed a judgment in favor of Cortinez. In three issues, Shellenbarger
contends the trial court erred in the admission and exclusion of evidence. We affirm.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

In his first issue, Shellenbarger contends the trial court erred by excluding evidence from the jury of a third vehicle
involved in the accident.

The admission and exclusion of evidence is committed to the trial court's sound discretion. Gee v. Liberty Mut. Fire Ins.
Co., 765 S.W.2d 394, 396 (Tex. 1989). A trial court abuses its discretion when it acts without regard for any guiding rules
or principles. City of Brownsville v. Alvarado, 897 S.W.2d 750, 754 (Tex. 1995); Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). To obtain reversal of a judgment based on error in the admission or exclusion of
evidence, an appellant must show that the trial court did in fact commit error, and that the error probably caused the
rendition of an improper judgment. Tex. R. App. P. 44.1 (a)(1); McCraw v. Maris, 828 S.W.2d 756, 758 (Tex. 1992); Gee,
765 S.W.2d at 396; Downan v. Tex. Gulf Shrimp Co., 846 S.W.2d 506, 512 (Tex. App.-Corpus Christi 1993, writ denied).
Texas Rule of Evidence 702, concerning the testimony of experts, provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine
a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in
the form of an opinion or otherwise.



Tex. R. Evid. 702. 

The trial court did not allow the jury to hear evidence about the third vehicle in the accident. Shellenbarger argues that this
evidence was relevant on the issue of negligence as well as the amount of damages that were caused. In a bill of exception,
Shellenbarger testified that he was struck from the rear by the third vehicle, which caused him to strike Cortinez's car a
second time and caused part of the damages. This second impact was a significant impact.

Shellenbarger, however, did not attempt to bring the driver of the third vehicle, Al Fuentes, into the lawsuit as a third party.
See Tex. R. Civ. P. 38, 97; see also Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (Vernon 1997). While Shellenbarger's
right to file a cause of action against Fuentes as a responsible third party is permissive, it is not an abuse of discretion for
the trial court to not allow evidence of the involvement of a third party when neither the plaintiff nor the defendant consider
him to be a potential party to the lawsuit. See Tex. R. Civ. P. 38 (defendant may bring in third party). Accordingly, we
conclude the trial court did not commit error by excluding evidence of the involvement of Fuentes's vehicle in the accident.

Further, assuming, arguendo, that the trial court erred by excluding evidence of the third vehicle, we find sufficient
evidence in the record that Shellenbarger was solely responsible for the accident. Accordingly, we cannot say that the trial
court's exclusion of testimony of the second impact by Fuentes's car probably caused the rendition of an improper verdict.
Shellenbarger's first issue is overruled.

In his second issue, Shellenbarger contends the trial court erred by admitting Exhibit No. 13, a redacted copy of the police
report of Officer Gary Langston, the officer who arrived at the scene, because (1) the report was hearsay, (2) it contained
opinions of causation beyond the qualifications of the officer, and (3) it was redacted to reflect only a two-car accident. (2)

Assuming, arguendo, that the admission of Officer Langston's description of the accident was error, it was harmless and
did not cause the rendition of an improper judgment because the description of the circumstances of the accident and the
fact that Shellenbarger was speeding had already been presented through the testimony of Cortinez and Shellenbarger.
Therefore, we cannot say that the trial court's admission of the report probably caused the rendition of an improper verdict.
(3) Shellenbarger's second issue is overruled.

In his third issue, Shellenbarger contends the trial court erred by allowing Dr. Lazaro Olivares, a chiropractor, to explain
and render expert opinions about a nerve conduction sensory test performed by a medical doctor. Shellenbarger argues that
Olivares was never shown to possess any qualifications to give such opinions and explanations.

Assuming, arguendo, that the testimony of Olivares regarding the sensory test was improperly admitted, we cannot say that
it probably caused the rendition of an improper verdict because Olivares had already testified, without objection,
concerning his diagnosis of Cortinez. The objected to testimony only established that the sensory test was consistent with
Olivares's diagnosis. Further, Cortinez testified about the pain and suffering she experienced, the medical treatment she
sought, and the medical expenses she incurred as a result of the accident. Shellenbarger's third issue is overruled.

The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice


Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this

the 14th day of June, 2001.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Texas Supreme Court pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. We have already concluded that the exclusion of evidence concerning the third vehicle was not error.

3. We further note that Officer Langston's report was also admissible as an exception to the hearsay rule. See Tex R. Evid.
803(8).