# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00518-CV

**Mehdi Mortazavi, Appellant**

**v.**

**The Goodyear Tire and Rubber Co.; and Bee Cave Goodyear Auto Service Center, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. 249,119, HONORABLE BILL BENDER, JUDGE PRESIDING

Mehdi Mortazavi appeals from a take-nothing judgment rendered after a trial to the court on his claims against the Goodyear Tire and Rubber Company and Bee Cave Goodyear Auto Service Center. He contends that the county court at law erred by excluding his expert from testifying. We will affirm the judgment.

Mortazavi took his truck to appellees for service twice in the summer of 1999. He took it for a tune-up on July 22 and for additional work on August 3. When he drove it after picking it up on August 10, it ran smoothly. On August 15, however, the truck's engine caught fire while Mortazavi's employee was driving it.

Mortazavi sued appellees, contending that their failure to repair his truck in a good and workmanlike manner caused the engine fire and breached an implied warranty of good and

workmanlike performance of services. He offered mechanic Marty Pagnozzi as an expert witness regarding the cause of the fire. Appellees objected, contending that Pagnozzi had not been qualified as an expert in determining the origin of fires. The county court at law sustained the objection and refused to allow Pagnozzi to testify as an expert. After hearing other testimony, the court rendered judgment that Mortazavi take nothing by his claims.

By a single issue on appeal, Mortazavi contends that the court erred by excluding Pagnozzi's testimony. The party offering an expert's testimony bears the burden to prove that the witness is qualified as an expert by showing that the witness has special knowledge regarding the matter on which he proposes to give an opinion. *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 718 (Tex. 1998); *see also* Tex. R. Evid. 702. Pagnozzi testified that his seventeen years of experience with carburetors and servicing engines gave him the experience to determine the cause of the fire. Appellees conceded that Pagnozzi knew carburetors and engine service, but contended that he did not show he knew how to determine the cause of a fire.

We review a trial court's acceptance of a witness's qualifications as an expert under an abuse of discretion standard. *Gammill*, 972 S.W.2d at 718-19. An abuse of discretion occurs when a court acts arbitrarily, unreasonably, or without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Appellees contend that Mortazavi failed to preserve this error for appeal by failing to make an offer of proof. *See* Tex. R. Evid. 103(a)(2). That rule does not require a formal offer of proof if the substance of the excluded evidence was apparent from the context. *Id*. The limited

2

examination of Pagnozzi at trial showed that he would have testified that a loose spark plug wire caused the fire.[1]

We conclude, however, that any error in excluding Pagnozzi's testimony was rendered harmless by the admission of a report from Jim Khoury, a mechanic with fifteen years of experience. *See Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989); *Pape v. Guadalupe-Blanco River Authority*, 48 S.W.3d 908, 914 (Tex. App.—Austin 2001, pet. denied) ("We ordinarily will not reverse an erroneous evidentiary ruling if the challenged evidence is cumulative of other evidence and not controlling on a material issue"). Khoury opined that a loose spark plug wire caused arcing that probably ignited fuel leaking from a fuel line. He also dismissed appellees' proposed alternative cause—a worn fuel return hose. Khoury averred that the fire destroyed the hose, making an inspection impossible. He also opined that a qualified mechanic would have replaced such a worn hose in the July 1999 tuneup; his implication is that either the hose was in good condition or, if it was worn and caused the fire, its presence was due to appellees' failure to replace it during the tuneup. Mortavazi's attorney reminded the court of Khoury's affidavit in closing argument. Because Pagnozzi's excluded opinion would have been cumulative of Khoury's admitted affidavit, we conclude that the exclusion made no difference in the court's decision.

---

[1] This inference is supported by Pagnozzi's report attached to appellant's brief. We cannot formally consider this report, however, because it was not offered into evidence at trial.

3

We affirm the judgment.

_____

___

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   March 14, 2002

Do Not Publish

4