NO. 07-02-0013-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 18, 2002



______________________________




DIANA BUSTEED, APPELLANT



V.



COLDSPRING-OAKHURST CONSOLIDATED 


INDEPENDENT SCHOOL DISTRICT, APPELLEE




_________________________________



FROM THE 411TH DISTRICT COURT OF SAN JACINTO COUNTY;



NO. 9,006; HONORABLE LEE ALWORTH, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Diana Busteed challenges a judgment following a jury trial that Coldspring-Oakhurst
Consolidated Independent School District (COCISD) recover $8,999.93, plus interest and
attorney's fees in the amount of $33,531 through the trial court, $5,000 through the Court
of Appeals, and $5,000 for an appeal to the Texas Supreme Court. By three points of
error, Busteed contends the trial court erred in 1) allowing COCISD's attorney to testify that
it was necessary to hire him because no one testified that COCISD agreed to pay
reasonable and necessary attorney's fees and there was no suit on a contract, 2) allowing
the testimony of COCISD's attorney because there were no records produced for cross-examination though they were requested, and 3) awarding $33,531 for the trial of a simple
overpayment claim when the case was clearly over massaged for such a collection effort. 
Based upon the rationale expressed herein, we affirm.

 Our factual review will be limited to the evidence necessary to complete our
analysis of the presented points directed to the award of attorney's fees because Busteed
does not challenge the denial of any recovery on her counterclaims or that COCISD
recover $8,999.93 for its overpayment to her, plus interest, and does not question the
sufficiency of the evidence. By written contract for the school year 1993-1994, Busteed
was employed by COCISD for a term of one year. The contract did not specify the amount
of Busteed's salary; however, paragraph 2 of the contract provided:

 The Board shall pay the Employee an annual salary according to the salary
schedule to be adopted by the Board before the performance of this contract
begins, but in no event less than the state minimum salary. The Employee's
salary includes consideration for any additional duties, responsibilities, and
tasks except as provided in the District supplemental duty schedule.


Paragraph 1 of the contract provided in part:

 The Employee agrees to accept payment of the annual salary in twelve
equal monthly installments, payable on the same day of each month during
the term of the contract . . . without any right to prepayment or lump-sum
settlement. . . . 


When the school board adopted the salary schedule for the subject school year, Busteed's
monthly salary was fixed at $2,824.10; however, by inadvertence and mistake, COCISD
issued Busteed nine checks in the amount of $3,824.10 each, resulting in an overpayment
of $8,999.93. 

 When efforts to resolve the mistaken payments were unsuccessful, COCISD filed
suit to recover the overpayment and also sought to recover reasonable attorney's fees. 
In response, Busteed alleged ratification of the overpayment, laches, negligence, and
estoppel. Busteed did not contend by special exception or otherwise that attorney's fees
were not recoverable. Also, Busteed asserted a counterclaim under the Texas Debt
Collection Practices Act, now codified at sections 392.001 through 392.404 of the Texas
Finance Code. Following reversal of a summary judgment in favor of COCISD, upon jury
trial, the trial court instructed a verdict that Busteed take nothing on her counterclaim. 
After receiving jury findings that Busteed had not retained the overpayment in good faith
and that she had not changed her position to her detriment in reliance thereon, the trial
court then received evidence on the question of attorney's fees and the jury found $33,531
to be a "reasonable fee for the necessary services" of COCISD's attorney through the trial
court, and $5,000 for an appeal to the Court of Appeals, and $5,000 for an appeal to the
Texas Supreme Court. Accordingly, the trial court rendered judgment that COCISD
recover $8,9999.93, plus interest, and attorney's fees as found by the jury.

 Considering Busteed's points in logical rather than sequential order, we first
consider her third point by which she contends the trial court erred in awarding $33,531
for the trial of a simple overpayment claim of $8,999.93 when the case was clearly over
massaged for such a collection effort. We disagree. To preserve a complaint of factual
insufficiency of the evidence to support a jury verdict, a point of error must first be raised
by motion for new trial. See Tex. R. Civ. P. 324(b)(2). A legal insufficiency point must be
raised by (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the
verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard
the jury's answer to a vital fact issue, or (5) a motion for new trial. See Cecil v. Smith, 804
S.W.2d 509, 510-11 (Tex. 1991). (2) Accordingly, because Busteed did not properly present
her challenge to the amount of the attorney's fees below, her appellate complaint is not
preserved for review. Point of error three is overruled. 

 By her first point, Busteed contends the trial court erred in admitting the testimony
of the attorney for COCISD because there was no evidence that it was necessary that an
attorney be engaged and there was no suit on a contract. Then, by her second point she
contends the admission of the attorney's testimony was error because no records were
presented for purposes of cross-examination. We disagree. 

 Before we commence our analysis, although multifarious, we first consider
Busteed's contention that there was no suit on a contract. By its pleadings, COCISD
alleged a written contract that provided for payment of Busteed's salary in twelve equal
monthly installments. In addition, the written contract was attached as an exhibit and
incorporated into the pleadings. Notwithstanding these allegations, Busteed did not
specially except to the allegation seeking recovery for attorney's fees as required by Rules
90 and 91 of the Texas Rules of Civil Procedure. Accordingly, the contention presents
nothing for review. Roark v. Allen, 633 S.W.2d 804, 809-10 (Tex. 1982).

 Next, we consider Busteed's challenge to the testimony of COCISD's attorney that
1) there was no testimony that his services were required and no evidence that COCISD
agreed to pay a reasonable fee, and 2) no records were available to be used in cross-examination. We consider the points to be a challenge that proper predicates were not
made to support the admission of the attorney's testimony. 

 The admission and exclusion of evidence is committed to the trial court's sound
discretion. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex. 1995). A trial
court abuses its discretion when it acts without regard to any guiding rules or principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). To obtain
reversal, Busteed must show 1) the trial court did in fact commit error, and 2) the error was
reasonably calculated to cause and probably did cause rendition of an improper judgment. 
Tex. R. App. P. 44.1(a)(1); Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex.
1989). 

 We commence our analysis by considering whether recovery of attorney's fees
requires evidence that the a) services of an attorney were necessary, b) that the party
must agree to pay a reasonable fee, and c) that records must be available for cross-examination. Section 38.001 of the Texas Civil Practice and Remedies Code Annotated
authorizes a prevailing party in a lawsuit to recover reasonable attorney's fees in eight
instances including suit on "an oral or written contract." Also, section 38.002 sets out the
procedure for recovery of attorney's fees. However, section 38.001 does not require
evidence that attorney's fees were necessary or that the client agreed to pay them. See
Murrco Agency, Inc. v. Ryan, 800 S.W.2d 600, 606 (Tex.App.--Dallas 1990, no writ)
(holding that unlike the provisions of Tex. Bus. & Com. Code Ann. § 17.50(d), which
requires that attorney's fees must be necessary in a proceeding under the Deceptive
Trade Practice Act, section 38.001 only requires that the amount of attorney's fees be
reasonable without reference to the necessity thereof); see also Prairie Valley Ind. School
Dist. v. Sawyer, 665 S.W.2d 606, 611 (Tex.App.--Fort Worth 1984, writ ref'd n.r.e.)
(holding that former article 2226 of Texas Revised Civil Statutes Annotated did not require
evidence that attorney's fees were necessary apart from testimony as to their
reasonableness).

 Busteed's contention regarding production of records does not implicate the rule
that when applicable, a party seeking attorney's fees must segregate the evidence
regarding those fees. See Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10-11
(Tex.1991). Moreover, neither section 38.001 nor section 38.002 requires that records
supporting the opinion as to reasonable fees be produced for purposes of cross-examination. We have not overlooked Busteed's contention that Black Lake Pipe Line Co.
v. Union Const. Co., 538 S.W.2d 80 (Tex. 1976) requires that records be produced for
purposes of cross-examination; however, that case is not controlling because the witness
did not refer to records or summaries to refresh his recollection and summaries of records
were not offered into evidence. Points one and two are overruled.

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. See also W. Wendell Hall, Standards of Review in Texas, Challenges to the
Sufficiency of the Evidence in Jury Trials, 29 St. Mary's Law Rev. 476-94 (1998).