NO. 07-02-0013-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 18, 2002

_____

DIANA BUSTEED, APPELLANT

V.

COLDSPRING-OAKHURST CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT, APPELLEE

_____

FROM THE 411TH DISTRICT COURT OF SAN JACINTO COUNTY;

NO. 9,006; HONORABLE LEE ALWORTH, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Diana Busteed challenges a judgment following a jury trial that Coldspring-Oakhurst

Consolidated Independent School District (COCISD) recover $8,999.93, plus interest and

attorney's fees in the amount of $33,531 through the trial court, $5,000 through the Court

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.

of Appeals, and $5,000 for an appeal to the Texas Supreme Court.  By three points of error, Busteed contends the trial court erred in 1) allowing COCISD's attorney to testify that it was necessary to hire him because no one testified that COCISD agreed to pay reasonable and necessary attorney's fees and there was no suit on a contract, 2) allowing the testimony of COCISD's attorney because there were no records produced for cross-examination though they were requested, and 3) awarding $33,531 for the trial of a simple overpayment claim when the case was clearly over massaged for such a collection effort. Based upon the rationale expressed herein, we affirm.

Our factual review will be limited to the evidence necessary to complete our analysis of the presented points directed to the award of attorney's fees because Busteed does not challenge the denial of any recovery on her counterclaims or that COCISD recover $8,999.93 for its overpayment to her, plus interest, and does not question the sufficiency of the evidence.  By written contract for the school year 1993-1994, Busteed was employed by COCISD for a term of one year.  The contract did not specify the amount of Busteed's salary; however, paragraph 2 of the contract provided:

> The Board shall pay the Employee an annual salary according to the salary schedule to be adopted by the Board before the performance of this contract begins, but in no event less than the state minimum salary.  The Employee's salary includes consideration for any additional duties, responsibilities, and tasks except as provided in the District supplemental duty schedule.

Paragraph 1 of the contract provided in part:

2

> The Employee agrees to accept payment of the annual salary in twelve equal monthly installments, payable on the same day of each month during the term of the contract . . . without any right to prepayment or lump-sum settlement. . . .

When the school board adopted the salary schedule for the subject school year, Busteed's monthly salary was fixed at $2,824.10; however, by inadvertence and mistake, COCISD issued Busteed nine checks in the amount of $3,824.10 each, resulting in an overpayment of $8,999.93.

When efforts to resolve the mistaken payments were unsuccessful, COCISD filed suit to recover the overpayment and also sought to recover reasonable attorney's fees. In response, Busteed alleged ratification of the overpayment, laches, negligence, and estoppel. Busteed did not contend by special exception or otherwise that attorney's fees were not recoverable. Also, Busteed asserted a counterclaim under the Texas Debt Collection Practices Act, now codified at sections 392.001 through 392.404 of the Texas Finance Code. Following reversal of a summary judgment in favor of COCISD, upon jury trial, the trial court instructed a verdict that Busteed take nothing on her counterclaim. After receiving jury findings that Busteed had not retained the overpayment in good faith and that she had not changed her position to her detriment in reliance thereon, the trial court then received evidence on the question of attorney's fees and the jury found $33,531 to be a "reasonable fee for the necessary services" of COCISD's attorney through the trial court, and $5,000 for an appeal to the Court of Appeals, and $5,000 for an appeal to the

Texas Supreme Court. Accordingly, the trial court rendered judgment that COCISD recover $8,9999.93, plus interest, and attorney's fees as found by the jury.

Considering Busteed's points in logical rather than sequential order, we first consider her third point by which she contends the trial court erred in awarding $33,531 for the trial of a simple overpayment claim of $8,999.93 when the case was clearly over massaged for such a collection effort. We disagree. To preserve a complaint of factual insufficiency of the evidence to support a jury verdict, a point of error must first be raised by motion for new trial. *See* Tex. R. Civ. P. 324(b)(2). A legal insufficiency point must be raised by (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue, or (5) a motion for new trial. *See* Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991).[1] Accordingly, because Busteed did not properly present her challenge to the amount of the attorney's fees below, her appellate complaint is not preserved for review. Point of error three is overruled.

By her first point, Busteed contends the trial court erred in admitting the testimony of the attorney for COCISD because there was no evidence that it was necessary that an attorney be engaged and there was no suit on a contract. Then, by her second point she

---

[1]*See also* W. Wendell Hall, *Standards of Review in Texas, Challenges to the Sufficiency of the Evidence in Jury Trials*, 29 St. Mary's Law Rev. 476-94 (1998).

contends the admission of the attorney's testimony was error because no records were presented for purposes of cross-examination. We disagree.

Before we commence our analysis, although multifarious, we first consider Busteed's contention that there was no suit on a contract. By its pleadings, COCISD alleged a written contract that provided for payment of Busteed's salary in twelve equal monthly installments. In addition, the written contract was attached as an exhibit and incorporated into the pleadings. Notwithstanding these allegations, Busteed did not specially except to the allegation seeking recovery for attorney's fees as required by Rules 90 and 91 of the Texas Rules of Civil Procedure. Accordingly, the contention presents nothing for review. Roark v. Allen, 633 S.W.2d 804, 809-10 (Tex. 1982).

Next, we consider Busteed's challenge to the testimony of COCISD's attorney that 1) there was no testimony that his services were required and no evidence that COCISD agreed to pay a reasonable fee, and 2) no records were available to be used in cross-examination. We consider the points to be a challenge that proper predicates were not made to support the admission of the attorney's testimony.

The admission and exclusion of evidence is committed to the trial court's sound discretion. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex. 1995). A trial court abuses its discretion when it acts without regard to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). To obtain

reversal, Busteed must show 1) the trial court did in fact commit error, and 2) the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1); Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989).

We commence our analysis by considering whether recovery of attorney's fees requires evidence that the a) services of an attorney were necessary, b) that the party must agree to pay a reasonable fee, and c) that records must be available for cross-examination. Section 38.001 of the Texas Civil Practice and Remedies Code Annotated authorizes a prevailing party in a lawsuit to recover reasonable attorney's fees in eight instances including suit on "an oral or written contract." Also, section 38.002 sets out the procedure for recovery of attorney's fees. However, section 38.001 does not require evidence that attorney's fees were necessary or that the client agreed to pay them. *See* Murrco Agency, Inc. v. Ryan, 800 S.W.2d 600, 606 (Tex.App.--Dallas 1990, no writ) (holding that unlike the provisions of Tex. Bus. & Com. Code Ann. § 17.50(d), which requires that attorney's fees must be necessary in a proceeding under the Deceptive Trade Practice Act, section 38.001 only requires that the amount of attorney's fees be reasonable without reference to the necessity thereof); *see also* Prairie Valley Ind. School Dist. v. Sawyer, 665 S.W.2d 606, 611 (Tex.App.--Fort Worth 1984, writ ref'd n.r.e.) (holding that former article 2226 of Texas Revised Civil Statutes Annotated did not require

evidence that attorney's fees were necessary apart from testimony as to their reasonableness).

Busteed's contention regarding production of records does not implicate the rule that when applicable, a party seeking attorney's fees must segregate the evidence regarding those fees. *See* Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10-11 (Tex.1991). Moreover, neither section 38.001 nor section 38.002 requires that records supporting the opinion as to reasonable fees be produced for purposes of cross-examination. We have not overlooked Busteed's contention that Black Lake Pipe Line Co. v. Union Const. Co., 538 S.W.2d 80 (Tex. 1976) requires that records be produced for purposes of cross-examination; however, that case is not controlling because the witness did not refer to records or summaries to refresh his recollection and summaries of records were not offered into evidence. Points one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.