In the Interest of BLD and BRD, Children











IN THE


TENTH COURT OF APPEALS


 



No. 10-99-335-CV



IN THE INTEREST


OF B.L.D. AND B.R.D., CHILDREN



 



From the 19th District Court


McLennan County, Texas


Trial Court # 98-0616-1


 
 

MEMORANDUM OPINION ON REMAND


 
 

 This case, on remand from the Texas Supreme Court, is an appeal from the termination of
the parental rights of Spring and Jimmy Dossey over two of their three children, B.L.D. and
B.R.D. The Dosseys brought eight issues. We sustained two of those issues and reversed the
judgment and remanded the cause for another trial. The Supreme Court disagreed with our
holding, reversed our judgment, and remanded the cause to us for consideration of the
remaining issues. Because we find no error, we will now affirm the judgment.



BACKGROUND


 An overview of the factual and procedural events leading to the trial court's judgment of
termination is set forth in our original opinion. In re B.L.D., 56 S.W.3d 203, 205-07, (Tex.
App.--Waco 2001), reversed, 113 S.W.3d 340 (Tex. 2003).

 The Dosseys's eight issues on appeal are:


 Whether they should have had separate court-appointed lawyers at trial, because a
conflict of interest prevented a single lawyer from effectively representing them both.


 

 

 Whether Nurse Duncum was qualified to testify as an expert about whether the
scalding was the result of an intentional act.

 Whether the evidence was legally and factually sufficient to support a finding that they
knowingly placed or knowingly allowed the children to remain in conditions or
surroundings which endangered the physical or emotional well-being of the children.

 Whether the evidence was legally and factually sufficient to support a finding that they
engaged in conduct or knowingly placed the children with persons who engaged in
conduct which endangered the physical or emotional well-being of the children.

 Whether evidence of Jimmy's alleged sexual misconduct and other bad acts was
admissible.

 Whether the court should have submitted specific questions asking whether
termination was in the best interest of the children.

 Whether the court erred in submitting the two statutory grounds alleged for
termination in a disjunctive, broad form manner.

 Whether the Judgment improperly failed to include specific findings of the grounds
for termination.


We sustained issue one, but the Supreme Court held that the trial judge did not abuse his
discretion in refusing to grant the request. We sustained issue seven, but the Supreme Court
held that the issue was not preserved for our review. Thus, we now proceed to issues two and
five concerning the admission of evidence, issues three and four concerning legal and factual
sufficiency of the evidence, issue six concerning the best interest of the children, and issue
eight concerning the absence of findings in the judgment. Both parties have filed supplemental
briefs since the case was remanded to us.

ISSUES TWO AND FIVE: ADMISSION OF EVIDENCE


 The Dosseys complain about rulings of the trial court in admitting evidence. One
concerns the expert testimony of a nurse; the second concerns evidence that Jimmy committed
bad acts.

Standard of Review

 The decision whether to admit evidence is a matter within the discretion of the court. E.I.
du Pont de Nemours & Co, Inc. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995). Evidence is
relevant if it has any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be without the
evidence. Tex. R. Evid. 401. Rule 402 provides in part: "Evidence which is not relevant is
inadmissible." Tex. R. Evid. 402. Evidentiary rulings will result in a reversal of the cause
only where the whole case turns on that evidence. Cook v. Sabio Oil & Gas, Inc., 972 S.W.2d
106, 111 (Tex. App.--Waco 1998, pet. denied).

Testimony of Monique Duncum

 The trial court admitted testimony of Monique Duncum, a nurse, that Spring intentionally
immersed B.R.D. in hot water when he was fifteen months old. Nurse Duncum was the
trauma nurse who treated the burns in an emergency room. At trial, she testified that she told
Spring that her story did not match the physical evidence of B.R.D.'s leg burns. The Dosseys
point to Nurse Duncum's testimony that she was not an expert; the State says the complaint on
appeal does not comport with the objection at trial. We believe that the issue on appeal was
preserved by the objection at trial and will address the issue.

 The Department qualified Nurse Duncum as an expert out of the presence of the jury. The
question arose whether she would be permitted to say that the scalding of the child was
"intentional" or that Spring's version about how it happened was inconsistent with the injury. 
The court asked the witness, "Ms. Duncum, in arriving at your opinion that the burns were not
consistent with the story that the mother gave you, are you relying upon your training and
experience as a registered nurse and as a trauma nurse in arriving at that opinion?" The
witness answered in the affirmative. Based thereon, we find no abuse of discretion in
admitting the evidence complained of over the objection made at trial. We overrule issue two.

Extraneous Bad Acts

 One of the Department's witnesses, an expert, testified that Spring said Jimmy had a
"sexual interest" in the children. There was, however, no objection to this testimony. Tex.
R. App. P. 33.1(a). The trial court permitted the State to show that Jimmy (a) committed an
abusive act towards Spring, (b) downloaded a pornographic picture from the internet, and (c)
served as a drug informant.

 Evidence of the assault on Spring also was presented through the testimony of two other
witnesses, without objection. Even though it may have been inadmissible because the assault
occurred at a time when the children were in the Department's custody, the admission of
cumulative evidence that is not controlling will not result in a reversal. See Gee v. Liberty
Mutual Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989).

 The Dosseys argue that there was no direct evidence that it was Jimmy who downloaded
the information from the internet and that the picture's title, "Young F___," does not
necessarily indicate that it depicted a child. As the Department points out, however, counsel
stated "no objection" when the exhibit was offered.

 Evidence of Jimmy's acts as a drug informant was adduced by the Dosseys during cross-examination of a Departmental witness. Having done so, they cannot now complain.

 We overrule issue five.

ISSUES THREE AND FOUR: LEGAL AND FACTUAL SUFFICIENCY


Background

 The grounds for termination are listed in section 161.001 of the Family Code. As charged
in this case, The Dosseys's parental rights would be terminated if the jury found:

 1. ". . . that the parent has done at least one of the following: 


 A. Knowingly placed or knowingly allowed the children to remain in conditions or
surroundings which endanger the physical or emotional well-being of the children;


 B. Engaged in conduct or knowingly placed the children with persons who engaged in
conduct which endangers the physical or emotional well-being of the children;" and

. . .


 2. ". . . that termination of the parent-child relationship would be in the best interest
of the children. . . ."

See Tex. Fam. Code Ann. § 161.001(1)(D), (E), (2) (Vernon 2002). As to each child, the
jury had to find that Spring and Jimmy each violated either "A" or "B" or both, and that
termination was in the child's best interest.

 The jury's findings had to be based on clear and convincing evidence. Id. §§ 161.001,
161.206(a) (Vernon 2002). Clear and convincing evidence means "that measure or degree of
proof which will produce in the mind of the trier of fact a firm belief or conviction as to the
truth of the allegations sought to be established." Id. § 101.007 (Vernon 2002); State v.
Addington, 588 S.W.2d 569, 570 (Tex. 1979).

 Our prior opinion details much of the evidence before the jury on the questions it had to
answer. In re B.L.D., 56 S.W.3d at 205-07, 213-14. We have previously set out the
standards for reviewing the legal and factual sufficiency of the evidence in termination cases. 
In the Interest of C.J.B., No. 10-03-00009-CV, 2004 Tex. App. LEXIS 4365 (Tex.
App.--Waco May 12, 2004, no pet. h.). We follow those standards in determining the
sufficiency of the evidence. After reviewing the evidence under the appropriate standards,
although a finding on only one predicate act is necessary, we find that the evidence was both
legally and factually sufficient to support the jury=s finding that Jimmy and Spring committed
both predicate acts as alleged. Issues three and four are overruled.

ISSUE SIX: SPECIFIC FINDINGS OF "BEST INTEREST"


 Issue six asserts a constitutional violation in failing to ask the jury to make a separate,
specific finding on "best interest" under section 161.001(2) of the Family Code.

 We believe that the Texas Supreme Court's holding that issues related to the charge were
waived by failing to object disposes of this issue. In re B.L.D., 113 S.W.3d 340, 351 (Tex.
2003). Issue six is overruled.

ISSUE EIGHT: FINDINGS IN THE JUDGMENT


 Issue eight notes that the final judgment recites that the best interest of the children will be
served by termination of the parents' rights but does not recite a predicate act necessary for
termination. 

 Although we express no opinion about whether a recitation of findings is necessary, we
note that the judgment states that the issues were submitted to a jury and that the verdict is
incorporated into the judgment "for all purposes." Thus, we find no merit in this issue and
overrule it.

CONCLUSION


 Having overruled the Dosseys' remaining issues on remand, we affirm the judgment.



 BILL VANCE

 Justice


Before Chief Justice Gray,

 Justice Vance, and

 Justice Reyna

Affirmed

Opinion delivered and filed September 15, 2004


[CV06]