NO. 07-04-0061-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 8, 2005

_____

AMERICAN PROTECTION INSURANCE COMPANY, APPELLANT

v.

PATRICIA A. JOHNSON, APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-514,001; HON. BLAIR CHERRY, PRESIDING

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

OPINION

In this appeal, appellant American Protection Insurance Company (American), challenges a judgment awarding workers' compensation benefits to appellee Patricia A. Johnson (Johnson). In doing so, it presents two issues for our determination. In those issues, American asks us to determine whether: 1) the testimony of Johnson's expert witness, Dr. Thomas Kurt (Kurt), was unreliable and should have been excluded by the trial

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005).

court, and 2) the trial court erred in admitting hearsay testimony from Johnson regarding carbon monoxide poisoning testing on October 30, 1998.  Finding no reversible error in the trial court's rulings, we affirm the judgment of the trial court.

Background

In the underlying case, Johnson contends she was exposed to carbon monoxide while in the course and scope of her employment with the Highland Medical Center which was a producing cause of her cardiomyopathy.  At the time of her alleged injury from exposure to carbon monoxide, American was the Highland Medical Center's workers' compensation insurance carrier.  American did not dispute that Johnson was injured as a result of work-related exposure to carbon monoxide, but it denied that the exposure caused her cardiomyopathy.

At a hearing before a Texas Workers' Compensation Commission (TWCC) hearing officer, the officer found that although Johnson had suffered a compensable injury on October 30, 1998, it was not a producing cause of her cardiomyopathy.  Upon appeal to a TWCC appeals panel,  this decision was upheld.  Johnson then filed the suit underlying this appeal seeking judicial review.  *See* Tex. Lab. Code Ann. § 410.251 (Vernon 1996).

Prior to and during the trial on the merits, American sought to exclude the testimony of Johnson's expert witness on the basis that the data upon which Kurt relied in forming his opinion on the cause of Johnson's cardiomyopathy was not reliable. American also unsuccessfully sought to exclude the testimony about the results of an October 30, 1998 air measurement test run at Johnson's workplace showing the presence of carbon monoxide. Kurt relied upon the results of this test in giving his expert testimony about the cause of Johnson's cardiomyopathy.

2

Discussion

Because of its bearing upon the challenge to Kurt's testimony, we will first discuss American's second issue. In that issue, American contends that Johnson's testimony about the results of the carbon monoxide test at her workplace constituted inadmissible hearsay because it was performed by a local gas company. In considering this challenge, we must keep in mind that evidentiary rulings admitting or excluding evidence are committed to the trial court's sound discretion. *See Texas Dep't of Transp. v. Able,* 35 S.W.3d 608, 617 (Tex. 2000)*; City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). The error of a trial judge in admitting or excluding evidence will not be cause for reversal unless an appellant shows both that the ruling was in error and that it probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1; *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *City of Brownsville v. Alvarado*, 897 S.W.2d at 753. Further, error in the admission of evidence will be deemed harmless if the objecting party introduces the same or similar evidence, *Southwestern Elec. Power Co. v. Burlington N. R.R. Co.,* 966 S.W.2d 467, 473 (Tex. 1998)*,* or permits the admission of the same or similar evidence without objection. *Richardson v. Green*, 677 S.W.2d 497, 501 (Tex. 1984).

Assuming, without deciding, that the trial court did err in admitting Johnson's testimony about the test, our review of the record reveals that this testimony was cumulative of other evidence admitted without objection. American's specific objection was to Johnson's identification of the exact reading from the carbon monoxide testing and to both Johnson's and Kurt's testimony about this specific reading. However, the record shows that Johnson introduced, without objection, two medical evaluation reports prepared by Kurt in which it was specified that the carbon monoxide reading on October 30, 1998,

3

was 316 parts per million of carbon monoxide. Additionally, American did not request redaction of those specific references. Moreover, American's expert, Dr. Eric Comstock (Comstock), states in his report that it was reasonable to assume that Johnson was exposed to approximately 300 parts per million of carbon monoxide in her workplace. In view of this evidence, the admission of Johnson's testimony regarding the carbon monoxide reading, even if erroneous, probably did not cause the rendition of an improper judgment and was therefore harmless. American's second issue is overruled.

Returning to American's first issue, American argues Kurt's expert testimony was unreliable and should have been excluded by the trial court because it was based upon unreliable methodology or factual foundation. Specifically, it points out that Kurt's opinion that Johnson was chronically exposed to carbon monoxide is not reasonable and lacks a proper factual foundation because it was based upon a single reading. Further, American argues that Kurt's methodology is not reliable because there is no scientifically accepted theory that chronic exposure to carbon monoxide causes cardiomyopathy. In evaluating these arguments, we will first look to the factual assumptions made by Kurt in forming his opinion and then to the scientific reliability of his conclusion.

A trial court's determination of the reliability of expert evidence is part of its determination of admissibility and is not erroneous absent an abuse of discretion. *See Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 727 (Tex. 1998). The test for determining whether the trial court abused its discretion is whether it acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). When erroneously admitted evidence is merely cumulative or does not concern a material issue dispositive of the case, the error is

4

harmless. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 230 (Tex. 1990); *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex. 1989). Harmfulness is determined by looking at the entire record to see whether the judgment was controlled by the testimony that should have been excluded. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d at 230; *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d at 396.

Reiterated, the thrust of American's challenge to Kurt's testimony is its argument that chronic exposure to carbon monoxide cannot be extrapolated from one reading and his reliance upon that one reading makes his testimony unreliable. However, the record reveals that Comstock, American's expert, specifically indicated that it is reasonable to assume chronic exposure based on the one reading, and further, Kurt's assumption that Johnson's carbon monoxide blood saturation was 30 percent could also be considered reasonable. In Comstock's report, tendered by American, there appears the following paragraph:

> Based upon the air monitoring of the patient's working environment in October of 1998[,] it is reasonable to assume that she had been exposed to carbon monoxide concentrations in the order of 300 ppm throughout the work day for a period which has not been determined but appears to have been a minimum of several months. Such a concentration of carbon monoxide in the ambient air would result in significant hemogoblin saturation and I would concur with the estimate of approximately 30% carboxyhemoglobin to be expected.

Consequently, all of the expert testimony before the trial court supported the conclusion that Johnson was chronically exposed to carbon monoxide and that her blood saturation level was approximately 30 percent.

American also challenges Kurt's opinion that Johnson's work-related exposure to carbon monoxide caused her to develop cardiomyopathy. We note that Comstock opined

5

that even chronic exposure to carbon monoxide does not cause any clinical illnesses. However, that causation opinion is merely cumulative of other causation evidence in the record. For example, although he indicates that Kurt's theory regarding chronic exposure has not been accepted in the scientific community in the United States, he acknowledges that the British scientific community believes that "chronic exposure to carbon monoxide increases the incidence of heart problems . . . ."

Moreover, because workers' compensation was involved, Johnson was sent to a TWCC-designated doctor, Dr. Randall Wolcott. He opined in two separate reports that, within a reasonable degree of medical probability, Johnson's work-related exposure to carbon monoxide was a producing cause of her "heart disease." Indeed, in one of these reports, which was introduced by American without any request to redact or exclude the causation opinion, Wolcott stated:

> She [Johnson] has been seen by Dr. Rizzo who has diagnosed her with cardiomyopathy. It is clear that carbon monoxide does cause significant cellular destruction to myocardial cells. There is reasonable medical probability that the carbon monoxide did contribute to the patient's heart disease.

Thus, even assuming *arguendo* that the trial court was in error in admitting Kurt's expert testimony, under this record, we cannot conclude that its admission probably caused the rendition of an improper judgment. *See Mancorp, Inc. v. Culpepper*, 802 S.W.2d at 230. American's first issue is overruled.

In summary, both of American's issues are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

6